IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHANTAL ROLFSMEIER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-21-2625 |
| | § | |
| COLE SPEECH & LANGUAGE CENTER, | § | |
| LP, D/B/A COLE PEDIATRIC THERAPY | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Chantal Rolfsmeier sued her former employer, Cole Speech & Language Center, LP, D/B/A Cole Pediatric Therapy, alleging failure to pay overtime, failure to pay minimum wage for all hours worked, and failure to maintain accurate time records, as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. Cole Pediatric moved to dismiss Rolfsmeier's complaint based on failure to state a claim and lack of standing. Rolfsmeier responded, and Cole Pediatric replied. (Docket Entry Nos. 8, 12–13).

Based on the pleadings; the motion, response, and reply; and the applicable law, this court finds that the complaint's allegations are inadequate and grants the motion to dismiss, without prejudice and with leave to amend in part, and with prejudice in part. The amended complaint must be filed no later than December 9, 2021. The reasons for these rulings are explained below.

**I.      Background**

Rolfsmeier worked as a speech language pathologist assistant at Cole Pediatric between September 21, 2012, and August 8, 2019. Rolfsmeier alleges that beginning in 2015, as a result of her AD/HD, Cole Pediatric implemented workplace accommodations that allowed her to have extra time between client meetings so she could refocus for the next meeting. She alleges that

between client meetings, she performed administrative tasks and prepared for the next appointment, and that she was fully compensated for that work through a task-timing process. (Docket Entry No. 1 at ¶ 8).

In December 2016, Cole Pediatric switched all speech language pathologist assistants to hourly employees, and required them to clock in and clock out for each client meeting throughout the day. The assistants also had to reach a productivity threshold of 75 percent, rather than the earlier 65 percent threshold. Rolfsmeier alleges that as a result of this new policy, she was no longer paid for the administrative tasks and preparatory work she did between client meetings. (Docket Entry No. 1 at ¶ 10). She alleges that she complained to her supervisor and the Regional Director of Rehabilitation in 2017, but they reiterated that she could clock in only when she began to work with a client. (Docket Entry No. 1 at ¶ 14). She alleges that, starting in March 2019, Cole Pediatric gradually decreased the number of patients on her schedule, which in turn decreased her pay. (Docket Entry No. 1 at ¶ 14). On August 8, 2019, Cole Pediatric fired Rolfsmeier. (Docket Entry No. 1 at ¶ 15).

Rolfsmeier alleges that she was not paid a proper wage for "over two years." (Docket Entry No. 1 at ¶ 15). She alleges that: she had to work off the clock by "spending many hours preparing documents, disinfecting her workspace for patients, and responding to correspondence while being required to remain on site"; Cole Pediatric knew that her time records did not account for all the hours she worked; she was not paid minimum wage for all the hours she worked and she was "denied overtime wages for all hours worked over forty (40) in a workweek." (Docket Entry No. 1 at ¶ 23, 27–28). She alleges that she "has been deprived of compensation in amounts to be determined at trial." (Docket Entry No. 1 at ¶ 31).

## II. The Legal Standards

### A. Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To withstand a Rule 12(b)(6) motion, a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Lincoln v. Turner*, 874 F.3d 833, 839 (5th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be

3

exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).

A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**III.     Analysis**

    **A.     The Claims for Unpaid Overtime and Minimum Wage**

Rolfsmeier's claim for "special certificates violations" appears to be based on Cole Pediatric's failure to pay her the minimum overtime rates for overtime hours she worked. She alleges acts that could violate of 29 U.S.C. § 207, although her complaint does not cite to this provision. Her complaint instead cited to 29 U.S.C. § 214, which permits the Secretary of Labor, "to the extent necessary to prevent curtailment of opportunities for employment," to issue a special certificate permitting employers to pay individuals with disabilities at lower wages. *See* 29 U.S.C. § 214(c). This provision does not address overtime pay or the minimum wages for individuals with disabilities. *See Walling v. Portland Terminal Co.*, 330 U.S. 148, 151–52 (1947) ("This section plainly means that employers who hire beginners, learners, or handicapped persons, expressly or impliedly agree to pay them compensation, must pay them the prescribed minimum wage, unless a permit not to pay such minimum has been obtained from the Administrator."). Rolfsmeier's allegations show no basis to infer that a permit from the Department of Labor under 29 U.S.C. § 214 was sought or obtained.

To the extent Rolfsmeier's claim is an overtime-pay claim under 29 U.S.C. § 207, she must "plausibly allege: (1) that an employer-employee relationship existed during the time that she worked in excess of forty hours per week; (2) that she engaged in activities covered by the FLSA; (3) that the employer violated the FLSA's overtime-wage requirements; and (4) the amount of overtime-pay due." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 309 (5th Cir. 2021). Rolfsmeier seeks damages for "wages for all hours worked and being denied overtime wages for all hours worked over forty (40) in a workweek." (Docket Entry No. 1 at ¶ 28). Her complaint does not allege facts that could show whether she worked more than 40 hours in a single workweek, how often or when this occurred, or what she was paid for her work. She alleges only that she was not paid for some amount of off-the-clock work.

In *White*, the Fifth Circuit concluded that a complaint met 29 U.S.C. § 207 by allegations that from June 2018 to January 2019, the employee "'regularly' worked in excess of forty hours per week," and that she was "paid for her overtime at a rate less than one and one-half times the regular rate at which she was [ ] employed in violation of the FLSA." *White*, 996 F.3d at 309. Similarly, in *Molina-Aranda*, the plaintiffs alleged that they were paid "$18 per hour for overtime, less than one-and-one-half times their contractually agreed upon hourly wage," and that "several pay periods during late August and September of 2015," they "worked 50 to 80 or more hours a week" but "were not paid fully or paid at all." *Molina-Aranda v. Black Magic Enterprises, L.L.C.*, 983 F.3d 779, 788 (5th Cir. 2020). The allegations in these cases are far more detailed those in Rolfsmeier's complaint. Although Rolfsmeier seeks damages for "work performed in excess of forty (40) hours a week," she does not allege that she worked more than 40 hours in a single week. (Docket Entry No. 1 at ¶ 20). She alleges only that Cole Pediatric generally failed to pay her a proper wage for "over two years." (Docket Entry No. 1 at ¶ 15). "[D]etailed factual allegations .

5

. . are not required to meet Rule 8(a) in the specific context of FLSA overtime claims," *Nieto v. Meter*, No. 3:20-CV-3067-B, 2021 WL 2551620, at *2 (N.D. Tex. June 22, 2021), but Rolfsmeier's complaint is lacking any factual allegations necessary to support a claim for overtime compensation.

Rolfsmeier's minimum wage claim is based on 29 U.S.C. § 206. She again alleges that Cole Pediatric "failed to pay [her] the minimum wage for each hour worked," (Docket Entry No. 1 at ¶ 41), but she does not provide factual allegations as to when or how much or how often she was underpaid.

The court cannot conclude that the complaint puts Cole Pediatric fairly on notice of the basis of Rolfsmeier's overtime compensation and minimum wage claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (citation omitted). These claims are dismissed, without prejudice and with leave to amend.

## B.    The Claim for the Failure to Maintain Accurate Records Claim

Rolfsmeier brings a claim under 29 U.S.C. § 211(c), alleging that Cole Pediatric "failed to keep proper time records" and "routinely and incorrectly reported [her] actual hours." (Docket Entry No. 1 at ¶ 52). The FLSA requires employers to "make, keep, and preserve such records of the persons employed . . . and of the wages, hours, and other conditions and practices of employment maintained . . . , and shall preserve such records for such periods of time . . . as [the Department of Labor] shall prescribe by regulation." 29 U.S.C. § 211(c). The Department of Labor promulgates regulations specifying how these records must be kept. 29 C.F.R. § 516, *et seq*.

Cole Pediatric argues that Rolfsmeier's claim must be dismissed because "It is well settled that there is no private cause of action for violations of the FLSA's recordkeeping provisions."

*Lobo v. Sprint Safety, Inc.*, No. 4:19-CV-3934, 2020 WL 1659888, at *2 (S.D. Tex. Mar. 30, 2020). *See, e.g.*, *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002) ("Authority to enforce the Act's recordkeeping provisions is vested exclusively in the Secretary of Labor.").

Rolfsmeier's claim for the failure to maintain accurate records is dismissed, with prejudice and without leave to amend, because amendment would be futile.

**IV.    Conclusion**

The court grants the motion to dismiss, (Docket Entry No. 8) as to counts one and two of the complaint, the overtime and wage claims, without prejudice and with leave to amend. The court grants the motion to dismiss, (Docket Entry No. 8), as to count three, the recordkeeping claim, with prejudice. An amended complaint must be filed no later than December 10, 2021.

SIGNED on November 19, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge